UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CEDRIC CLEVELAND COLLINS | CIVIL ACTION |
| VERSUS | NO. 25-1742 |
| JUDGE WAUN PICKETT, ET AL. | SECTION "J"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Cedric Cleveland Collins, a Louisiana state prisoner, filed this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983 against Judge Juan Pickett[1] and Assistant District Attorney Chris Erny.[2]

In his Statement of Claim, Collins alleges, without correction to spelling or grammar, as follows:

> I'm filing this claim in reference to a 2½ year plea that I received without the benefit of a preliminary examination that was filed in my discovery package. On 7-23-25 I presented a plea of 2½ years by D.A. Chris Erny. He told my state appointed attorney Nathaniel Capping that if I didn't take the plea of 2½ years that he give me 5 so I accepted the plea in fear of getting 5 years the preliminary examination would have presented the evidence in my case and showed that I was innocent of the crime alleged. Do to Louisiana State Constitution this is a violation under section 2 and section 14.[3]

Collins seeks compensatory damages as well as a "demolition of sentencing."[4]

### I. Mandatory Screening Provisions

"There is no absolute right to be allowed to proceed in forma pauperis in civil

---

[1] Collins incorrectly spelled Judge Pickett's first name as "Wuan." R. Doc. 1 at 1, 5.
[2] *Id.* at 1–5.
[3] *Id.* at 4–5.
[4] *Id.* at 5.

matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. 1915(e)(2) thus directs, in relevant part, that courts "shall dismiss [an *in forma pauperis* plaintiff's] case at any time" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous.

In addition, because Collins is incarcerated, he is subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.   Analysis

Collins filed this action under 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).

Even liberally construed,[18] Collins's claims against Judge Pickett and Assistant District Attorney Erny should be dismissed because they are frivolous, fail to state a claim on which relief may be granted, and/or seek monetary relief from a defendant who is immune from such relief.

### A.   **Judge Pickett**

Collins sued the presiding judge in his state criminal proceedings. Collins does not specific exactly what Judge Pickett, who sits in the Thirty-Second Judicial District Court for Terrebonne Parish, Louisiana, did wrong. The Court surmises that Collins faults Judge Pickett for accepting his guilty plea and sentencing him to a

3

period of incarceration.

The Eleventh Amendment bars any claim against Judge Pickett in his official capacity. *See Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 71 (1989); *Warnock v. Pecos Cty., Tex.,* 88 F.3d 341, 343 (5th Cir. 1996); *see also Doris v. Van Davis*, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009).

Likewise, absolute judicial immunity bars any claim against Judge Pickett in his individual capacity. Judges have "complete protection" from lawsuits based on judicial functions. *See Hafer v. Melo*, 502 U.S. 21, 29 (1991) (quotation omitted). Absolute immunity applies regardless of whether the judge's actions were allegedly erroneous, malicious, or in excess of his authority. *See Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996)). "A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction." *Du Bois v. Warne,* 336 F. App'x 407, 409 (5th Cir. 2009) (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Collins's claim against Judge Pickett involves only actions taken in his judicial capacity and within his jurisdiction. As such, Collins has failed to state a plausible claim for relief against Judge Pickett in his individual capacity that would overcome their absolute immunity from suit.

For these reasons, the claim against Judge Pickett in his individual and official capacities should therefore be dismissed.

### B. Assistant District Attorney Enry

Collins also sues the prosecutor, Assistant District Attorney Erny. For the following reasons, his claim against Erny fails.

4

### 1. Official Capacity

Any claim against Erny in his official capacity fails. A claim against the District Attorney in his official capacity is suit against Terrebonne Parish, the entity he represents. *Connick v. Thompson*, 563 U.S. 51, 59–60 (2011) (a district attorney in Louisiana is a Parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)); *Burge v. Par. of St. Tammany*, 187 F. 3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities"). In that respect, "municipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Burge,* 187 F. 3d at 470 (quoting *Monell*, 436 U.S. at 691, 694). Thus, to state a non-frivolous claim against a district attorney in an official capacity, Collins must establish that the named defendant is a final Parish policymaker and identify a Parish policy or custom which allegedly caused the deprivation of his constitutional rights. *Rinker v. New Orleans Dist. Atty.*, No. 10-CV-0810, 2010 WL 2773236 at *4–5 (E.D. La. Jun. 15, 2010), *adopted*, 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

Collins does not allege that Erny is the final policy maker for the Parish, nor

has he identified a Terrebonne Parish policy involved in his prosecution that caused him a constitutional injury. Therefore, Collins's claim against Erny in his official capacity is frivolous and otherwise fails to state a claim for which relief should be granted.

### 2. Individual Capacity

Any claim against Erny in his individual capacity is barred by his absolute prosecutorial immunity.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). To determine whether an official is absolutely immune from suit, the proper focus is not on the identity of the party claiming the immunity, but on his or her "role in the context of the case." *Mays*, 97 F.3d at 110. In other words, immunity attaches to a particular official's functions, not to the particular office he or she holds. *Forrester v. White*, 484 U.S. 219, 229 (1988); *see O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those "actions in initiating the prosecution and in carrying the case through the judicial process." *Boyd*, 31 F.3d at 285. A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act

6

maliciously, wantonly or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (*quoting Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)) (internal quotation marks omitted).

Collins's claim against Assistant District Attorney Enry is intimately associated with the prosecution of the charges and the criminal court process. Collins has offered nothing to suggest that Erny acted outside the scope of his prosecutorial duties in prosecuting him. Erny is therefore entitled to absolute immunity, and the claim against him in his individual capacity must be dismissed.

### C.  Section 1983 May Not be Used for Habeas Relief

As part of his relief, Collins seeks a "demolition of sentencing." Presumably, Collins seeks to have his conviction and resulting sentence vacated. Such a request must be sought in a habeas corpus proceeding. *Muhammad v. Close*, 540 U.S. 750, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus…."); *see Boyd*, 31 F.3d at 283 n.4 (5th Cir. 1994). This § 1983 civil rights proceeding is not the appropriate means of pursuing that type of habeas corpus relief. *Muhammad*, 540 U.S. at 750. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hernandez v. Livingston*, 495 F. App'x 414, 417 (5th Cir. 2012). Collins should pursue any such habeas corpus relief in a properly filed state or federal proceeding, if appropriate. Therefore, Collins's request that his sentence conviction and sentence be overturned is frivolous since the requested relief cannot be granted in this § 1983 proceeding.

**D.     The *Heck* Doctrine**

Collins's complaint challenges the criminal prosecution against him and the resulting conviction. He therefore calls into question the validity of his current confinement. When a plaintiff asserts civil rights claims under § 1983, the Court must consider the Supreme Court's doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, which would bar review of such claims under most circumstances.

Pursuant to *Heck*, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (applying *Heck* to § 1983 claims) (quoting *Heck*, 512 U.S. at 486–87).

The Supreme Court has clarified that dismissal under *Heck* also applies "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original). Therefore, *Heck* applies to bar a prisoner's claims, whether he seeks monetary, injunctive, or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)

8

(extending *Heck* to bar a prisoner's claim for money damages and declaratory relief challenging disciplinary hearing procedures); *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) (recognizing *Heck* bar to "any injunctive relief" tied to habeas claim brought under § 1983); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards*, 520 U.S. at 641).

Collins's claims imply the invalidity of his state court criminal conviction. Therefore, Collins's § 1983 claims against the defendants must be dismissed because they necessarily impugn the validity of his current detention and conviction. *Heck*, 512 U.S. at 479; *see Arnold v. Town of Slaughter*, No. 03–30941, 2004 WL 1336637, at *3–4 (5th Cir. 2004); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Boyd*, 31 F.3d at 283. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine the Court must address dismissal of improperly named and immune defendants. *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should first consider all grounds for dismissal other than *Heck*); *see also Boyd*, 31 F.3d at 284 (immunity must be considered as a threshold matter prior to applying *Heck*). In this case, Collins has named defendants who are otherwise immune from suit and against whom § 1983 liability will not stand. Thus, the claims against the defendants must be dismissed as a threshold matter even without application of the *Heck* doctrine.

9

E.  **State Law Claims**

It is unclear whether Collins intended to assert state law claims. In any event, the Court should decline to consider such state law claims against defendants because Collins lacks a valid federal claim. *Batiste v. Island Records*, Inc., 179 F.3d 217, 227 (5th Cir. 1999). The Court therefore recommends that jurisdiction be declined over any supplemental state law claims against these defendants and that those claims be dismissed without prejudice.

## RECOMMENDATION

It is therefore **RECOMMENDED** Collins' § 1983 claims against Judge Pickett and District Attorney Erny be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that Collins's claim for damages be **DISMISSED WITH PREJUDICE** until such time that the *Heck* conditions are met.

It is **FURTHER RECOMMENDED** that Collins's request that his conviction be overturned be **DISMISSED WITHOUT PREJUDICE**, as legally frivolous and for seeking relief that cannot be granted in a § 1983 civil rights proceeding.

**IT IS FURTHER RECOMMENDED** the Court decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c) and that such claims against these defendants be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*.

New Orleans, this 2nd day of September, 2025.

                                                 **EVA J. DOSSIER**
                                           **UNITED STATES MAGISTRATE JUDGE**